ORDER DENYING INTERLOCUTORY APPEAL AND STAY
Background
¶ 1 This matter came before the Fort Peck Appellate Court on a notice for interlocutory appeal and stay filed June 1, 2016 by Terry Boyd on behalf of Kristen Kohl alleging civil rights violations. The Fort Peck Tribal Prosecutor, Scott Seifert, filed a response in opposition to the appeal and stay on June 14, 2016.
Statement of Jurisdiction
¶ 2 The Appellate Court’s jurisdiction is generally limited to the review of a final decision from the lower court. CCOJ Title II, chapter 2, sec. 202. In the Matter of B.R.M., FPCOA Appeal No. 670 (2015) citing Independence Bank v. Bell and McGeschick, FPCOA Appeal No. 170, (2007). The only exception to this limitation is found in Rule 6 of Procedure in the Court of Appeals. CCOJ Appendix 3. Under this rule, interlocutory appeals are allowed when the matter being ap *391 pealed involves due process issues which would adversely affect the outcome of a trial on the merits and would result in irreparable harm to the aggrieved party if the lower court action were allowed to proceed without intervention from the appellate court. This Court must find the requirements have been met for an interlocutory appeal in order to exercise jurisdiction.
Summary of Issues
¶3 Appellant Kohl alleges the complaints and applicable statute cited in her criminal matter are vague and violate due process requirements by not providing adequate notice of the prohibited conduct or defining all terms used in the statutes.
Standard of Review
¶ 4 Interlocutory appeals are permissive in nature. In reviewing this request, the Tribal Appellate Court will consider legal issues de novo, but review findings of fact using the clearly erroneous standard, given this Court’s limited scope of review when lower court proceedings have not yet resulted in a final order.
Issue
¶ 5 Appellant asserts that the lower court’s denial of her motion to dismiss the complaint due to vagueness satisfies the Rule 6 criteria for an interlocutory appeal and issuance of a stay. Appellee argues the matter is not appropriate for interlocutory review and the request for a stay should be denied.
Discussion
¶ 6 After reviewing the record in this matter, the Appellate Court denies the request for an interlocutory appeal and the stay. The underlying complaints were written in a manner sufficient to give the Appellant adequate notice of the nature and cause of the alleged criminal activity and did not violate substantive due process requirements under the Indian Civil Rights Act, 25 U.S.C. § 1302(6). When more than one violation of the Fort Peck Tribes Comprehensive Code of Justice is alleged to have arisen from an incident, the charging documents frequently relate to each other. Considering the interrelated nature of the charging documents arising from an incident is reasonable when determining the adequacy of the notice. The documents in this situation were interrelated and provided Appellant with sufficient details regarding the nature and cause of the accusations arising from the incident to be able to defend against the charges. The lower court correctly utilized this analysis when ruling on the motion to dismiss. The issue of what “close proximity” means is a question of fact left up to the finder of fact in the lower court proceeding. Using this undefined term does not render the statute automatically void for vagueness.
¶ 7 Based on the above reasoning, there is no recognized basis for allowing an interlocutory appeal in this situation. The concerns raised by the Appellant do not reflect legal issues that cannot be adequately addressed as part of the adversarial process in the lower court proceedings. There has been no showing of any irreparable harm to the Appellant if the matter is required to be completed in the lower court without Appellate court intervention. Any dissatisfaction with the results from the lower court proceedings may be raised on appeal after a final order has been issued by the lower court.
ORDER
¶ 8 Appellant’s requests for an interlocutory appeal and stay are DENIED.
SO ORDER.